UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CARL POLK,

       Plaintiff,                        Case No. 07-10090

v.                                           Hon. John Corbett O'Meara

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

       Defendant.
_____/

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER GRANTING DEFENDANT'S MOTION FOR
JUDGMENT ON THE ADMINISTRATIVE RECORD**

Before the court are cross motions for judgment on the administrative record, filed by Plaintiff on August 9, 2007, and by Defendant on August 13, 2007. Both motions have been briefed and the parties have submitted proposed findings of fact and conclusions of law. The court heard oral argument on November 1, 2007, and granted Defendant's motion.

**FINDINGS OF FACT**

1. Plaintiff William Carl Polk claims long-term disability benefits under an employee welfare benefit plan pursuant to the Employment Retirement Income Security Act of 1994 ("ERISA"), 29 U.S.C. §§ 1001 et seq.

2. Defendant Hartford Life and Accident Insurance Company ("Hartford") issued the Group Long Term Disability Policy ("Policy") pursuant to which Plaintiff seeks benefits.

3. Plaintiff filed his complaint on January 4, 2007.

4. Plaintiff was employed by Tyco International (U.S.) Inc. as a salesperson. Plaintiff contends that he was disabled and unable to work as a result of an automobile accident

that occurred on May 24, 2002.

5. The Policy has an elimination period of 180 days, which ended on November 21, 2002.

6. Plaintiff applied for long term disability benefits on November 12, 2002.

7. The Policy provides that benefits become payable if the claimant becomes disabled and he or she submits "Proof of Loss satisfactory to" Hartford. Def's Ex. A (Policy) at P00019.

8. The Policy defines "Proof of Loss" to include documentation of the "prognosis of your Disability," "evidence that you are under the Regular Care of a Physician," "any and all medical information," and "proof that you and your dependents have applied for all Other Income Benefits which are available." Id. at P00027.

9. The Policy provides that the initial Proof of Loss must be provided within 90 days of the time benefits accrue. The Policy also provides that "We may request Proof of Loss throughout your Disability. In such cases, we must receive the proof within 30 days of the request." Id.

10. Following the elimination period, Hartford preliminarily approved Plaintiff's long term disability claim on February 18, 2003, subject to receiving additional information. Benefits began to accrue on November 22, 2002.

11. Plaintiff provided the additional information to Hartford in April 2003.

12. Hartford attempted to assist Plaintiff in obtaining Social Security disability benefits by assigning Dori Bianchi to help Plaintiff. Ms. Bianchi attempted to contact Plaintiff by letter and telephone over a four-month period. Plaintiff never responded to Ms. Bianchi. She terminated her effort to assist Plaintiff in August 2003.

13. Plaintiff did not provide Hartford with information regarding the status of his Social Security disability claim.

14. In October 2003, Hartford learned that Plaintiff had not seen his treating physician since June 2003. As a result, Hartford sought updated medical information from Plaintiff.

15. Hartford sent Plaintiff letters in October, November, and December 2003. Hartford telephoned Plaintiff at home at least three times in January 2004 and telephoned again in April 2004. Plaintiff did not respond to these attempt to contact him.

16. A claims examiner subsequently reviewed Plaintiff's claim and found that Hartford did not know the status of Plaintiff's Social Security disability claim, Plaintiff's current medical condition, or whether Plaintiff was currently treating with a physician. For these reasons, Hartford terminated Plaintiff's long-term disability benefits effective June 1, 2004, and advised Plaintiff of this in a June 4, 2004 letter.

17. Approximately two months later, Plaintiff telephoned Hartford to state that he had not received his benefit check. Plaintiff was told his benefits had been terminated. During this call, Plaintiff confirmed that the address to which Hartford had sent its letters was correct.

18. Plaintiff wrote a letter to Hartford appealing the termination decision on August 3, 2004. Plaintiff contended that he had not received any of Hartford's letters. On August 20, 2004, Plaintiff's appeal was denied.

19. Plaintiff's attorney requested his claim file on November 30, 2004; Hartford provided the file in December 2004. Hartford also provided Plaintiff's attorney with a copy of the long-term disability policy in January 2005.

20. The Policy provides for a contractual limitations period: "Legal action cannot be taken against us . . . three years after the time written Proof of Loss is required to be furnished according to the terms of the Policy." Def.'s Ex. A at P00028.

**CONCLUSIONS OF LAW**

1. The court has jurisdiction pursuant to 29 U.S.C. § 1132(e).

2. In an ERISA denial of benefits case, judicial review is *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); see also Glenn v. MetLife, 461 F.3d 660, 665-66 (6th Cir. 2006).

3. If the plan grants discretion to the administrator or fiduciary, the district court is required to review the denial of benefits under an "arbitrary and capricious" standard. See Glenn, 461 F.3d at 666.

4. The parties agree that the arbitrary and capricious standard applies here. Under that standard, the court will uphold the administrator's decision "if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." Glenn, 461 F.3d at 665-66 (citation omitted). See also Perry v. United Food & Commercial Workers Dist. Unions 405 & 442, 64 F.3d 238, 242 (6th Cir. 1995) ("When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary and capricious.") (citation omitted).

5. In light of Plaintiff's failure to provide the updated Proof of Loss information requested by Hartford, and Plaintiff's failure to respond to Hartford's numerous attempts to contact him, Hartford's decision to terminate benefits was not arbitrary and capricious.

6. Hartford also contends that Plaintiff's suit is barred by the Policy's contractual limitations period. According to Hartford, the contractual limitations period began to run when Plaintiff's initial Proof of Loss was due, or on February 20, 2003. Hartford argues that the three-year limitations period ended on February 20, 2006, nearly a year before Plaintiff filed suit.

7. Because the court has determined that Hartford's decision to terminate benefits was not arbitrary and capricious, the court need not address the timeliness issue.

8. The court will enter judgment in favor of Hartford.

**SO ORDERED.**

**IT IS FURTHER ORDERED** that Plaintiff's August 9, 2007 motion for summary judgment is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's August 13, 2007 motion for judgment on the administrative record is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Date: November 8, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 8, 2007, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager